<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | Civil Action No. 16-7648 (SRC)(CLW) |
| Plaintiff, | |
| v. | OPINION |
| GREAT GORGE VILLAGE SOUTH CONDOMINIUM COUNCIL, INC., JOHN DOES, | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion to dismiss Counts Four and Eight of the Complaint by Defendant Great Gorge Village South Condominium Council ("the Association") [Docket Entry 8]. Plaintiff PNC Bank, National Association ("PNC") opposes the motion [Docket Entry 11]. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

**I.   BACKGROUND**

This case arises from a dispute over a condominium unit within the Great Gorge Village South Condominium Development in Vernon, New Jersey. (Compl. ¶¶ 5-6). At first, the unit was occupied by Patrick and Lucille Scotto ("The Scottos"), and Plaintiff PNC held the mortgage for the unit. (Compl. ¶ 8). At some point, the unit was damaged in a fire. (Compl. ¶ 10). On August 30, 2013, after Great Gorge Village South Condominium Council ("the Association") instituted a foreclosure action against the Scottos, the Association and the Scottos

entered into a consent order in which the Scottos assigned their rights of occupancy and possession in the unit to the Association. (Compl. ¶¶ 12-15). The consent order allowed the Association to rent out the unit and to use the rental income to pay repair costs for the unit. (Compl. ¶ 15).

On March 25, 2013, PNC filed a separate foreclosure complaint against the Scottos and the Association. (Compl. ¶ 20). The parties entered a consent order in which the Association held a priority lien. (Compl. ¶ 23). On August 29, 2014, a final judgment was entered in favor of PNC and on March 11, 2015, PNC purchased the unit at a sheriff's sale.[1] (Compl. ¶¶ 25-26).

After the sale, the Association provided PNC with invoices for repairs of the unit. (Compl. ¶¶ 28-36). PNC refused to pay for services that predated the sheriff's sale. (Compl. ¶¶ 30, 38). According to PNC, the Association then altered the statement to make it appear as if the costs were incurred after the sheriff's sale. (Compl. ¶ 36). PNC also alleges that the Association has refused PNC access to the unit. (Compl. ¶ 42). PNC thus brings its Complaint.

## II.    MOTION TO DISMISS UNDER RULE 12(B)(6)

A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Following *Iqbal* and *Twombly*, the Third Circuit has held that, to

---

[1] PNC purchased the unit on behalf of the Department of Veteran Affairs. (Compl. ¶ 26). On March 23, 2015, PNC transferred the property by deed to the Secretary of Veteran Affairs. (Compl. ¶ 27). On April 8, 2016, the Department of Veteran Affairs transferred the property back to PNC by deed. (Comp. ¶¶ 39-40).

prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). While a court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Fowler*, 578 F.3d at 210-11; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents, and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

    a. TRESPASS CLAIM

In Count Four of its Complaint, PNC alleges that the Association committed trespass. "Trespass is the *unauthorized entry*, generally of a tangible matter, onto the property of another." *New Jersey Tpk. Auth. V. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 478 (D.N.J. 1998), *aff'd*, 197 F.3d 96 (3d. Cir. 1999) (emphasis added). PNC's claim of trespass cannot be maintained because the Complaint presents threadbare recitals of the elements of the cause of action, without factual allegations to support those elements. The Complaint simply states that PNC or the Department of Veterans' Affairs are the rightful owners since the March 11, 2015 sheriff's sale and that the Association entered without authorization. (Compl. ¶¶ 63-64). It does not assert when the entry took place, how it took place, or what exactly happened. Additionally, the

Complaint elsewhere states that the Association entered into the unit with permission of the Scottos, two years prior to PNC's ownership of the unit.  (Compl. ¶ 15).  The Association had permission based off the August 30, 2013 consent order it had with the Scottos.  (Compl. ¶ 15).  PNC fails to bring any facts to show that the previous authorization was rescinded.[2]  Although PNC may be able to bring other causes of actions to show that the Association overstayed its welcome on the property, they cannot rely on a claim of trespass because the Complaint itself shows that the Association had permission to enter.  Because PNC presents no facts to support the allegation that the Association entered without authorization, this Court grants Defendant's motion to dismiss Count Four of the Complaint.

### b.  NEW JERSEY CONSUMER FRAUD ACT CLAIM

In Count Eight, PNC alleges that the Association violated the New Jersey Consumer Fraud Act ("NJCFA").  The NJCFA provides, in relevant part, that:

> [A]ny unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.]"

N.J.S.A. 56:8-2.  In light of this language, the Third Circuit has held that a CFA plaintiff fails to state a cognizable claim where "the complaint is not based on [the] . . . marketing or sale of merchandise or services to him."  *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 35 (3d Cir.2011)

---

[2] PNC alleges that the "consent order anticipated that the circumstances would change 'after the foreclosure sheriff's sale.'"  (P. Br. in Opp. at 6) (citing Compl. ¶ 16).  PNC references a provision in the consent order, but it does not attach this consent order to the Complaint.  According to the Complaint, the provision that PNC references concerned splitting the fees between the Scottos and the Association after the sheriff's sale, but did not discuss any party's access to the property.  (P. Br. in Opp. at 6; Compl. ¶ 16).  This argument, therefore, fails to show that the consent order terminated the Association's access to the property.

("[T]he reach of the [NJCFA] is intended to encompass only consumer oriented commercial transactions involving the sale of merchandise or services." (quotation omitted)).

The Complaint here states that the "services at issue in this case are merchandise as defined by N.J.S.A. 56:8-1(c).". (Compl. ¶ 90). N.J.S.A. 56:8-1(c) defines merchandise as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." But, the Complaint does not specifically allege what merchandise was sold in a deceptive manner in this case. The only item that Complaint states was sold was the unit itself, and the Complaint does not specifically identify any misrepresentation or omission of material fact by the Association in connection with PNC's purchase of the unit. Although PNC claims in its opposition brief that the doctored invoice for repairs was in connection with the sale of the unit, the Complaint itself states that these invoices were submitted after the sheriff's sale, (Compl. ¶ 28-36), and thus were not in connection with that sale. *See Gennari v. Weichert Co. Realtors*, 288 N.J. Super. 504, 535 (App. Div. 1996), *aff'd as modified*, 148 N.J. 582 (1997) ("The misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase.").[3] The NJCFA does not protect against all unconscionable activity, but only protects against fraud in a sale. Because the Complaint does not specifically identify what service, merchandise, or real estate sale it is referring to and what the misrepresentation or omission was made in connection with that sale, it fails to state a claim under the NJCFA.

---

[3] PNC puts forth other theories in its opposition brief as to how the Association violated the NJCFA. PNC argues that the doctored invoices were in connection with repair services or services that the Association provided as owner of the development. It is well-established that a plaintiff cannot amend a pleading through a brief in opposition to a motion to dismiss. *Federico v. Home Depot,* 507 F.3d 188, 201–02 (3d Cir. 2007). Because the Complaint fails to state facts to substantiate a claim that there was a deceptive practice in connection with a sale, PNC's NJCFA claim is dismissed.

### III.	CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Counts Four and Eight of the Complaint with prejudice.  An appropriate Order will be filed herewith.

_s/ Stanley R. Chesler_

STANLEY R. CHESLER

United States District Judge

Dated:  February 1, 2017